IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JEMEL XAVIER WILLIAMS,<br><br>Defendant. | Criminal Action No.<br>1:24-cr-00220-VMC |

**ORDER**

This matter is before the Court on the Non-Final Report & Recommendation ("R&R") (Doc. 48) issued on May 6, 2025, and the Final Report & Recommendation (Doc. 66) issued on August 18, 2025 by the Honorable Catherine M. Salinas, United States Magistrate Judge.

**I.   Background**

The Court incorporates the Magistrate Judge's factual background and legal standard sections from the two R&Rs by reference to the extent no objections were filed to them. On July 9, 2024, the grand jury returned an indictment charging Defendant Jemel Xavier Williams with possessing a firearm on February 29, 2024, knowing that he had previously been convicted of a felony offense, in violation of 18 U.S.C. § 922(g)(1). (Doc. 1). Mr. Williams filed a motion to suppress evidence (Doc. 23), motion to suppress statements (Doc. 24), and motion to dismiss indictment. (Doc. 25). The Magistrate Judge held an evidentiary hearing (Docs. 29,

32) and heard oral argument (Docs. 53, 62) on the motions to suppress and permitted briefing from the parties on all three motions. (Docs. 34, 37–38, 42–46). The Magistrate Judge recommended denying the motion to dismiss indictment, denying the motion to suppress evidence, and granting in part the motion to suppress statements. Mr. Williams timely objected to the recommended denial of his motion to suppress evidence. (Doc. 71).

## II.   Discussion

### A.   Standard of Review

The district court reviewing an R&R "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). A party objecting to a R&R "must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988). If neither party objects, the district judge need only review the R&R for clear error and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[1] 28 U.S.C. § 636(b)(1)(C).

---

[1] Mr. Williams initially objected to the Magistrate Judge's recommendation that his motion to dismiss indictment be denied (Doc. 51); however, he later conceded that binding precedent required the Court to adopt the Magistrate Judge's recommendation (Doc. 52). Additionally, neither Mr. Williams nor the Government objected to the Magistrate Judge's recommendation that Mr.

B.   Mr. Williams's Objections

Mr. Williams objects to the R&R's recommendation that his motion to suppress evidence be denied, arguing that the officers were improperly motivated to search his vehicle by his federal probation status, thus rendering the inventory search of his vehicle unconstitutional. (Doc. 71 at 12).

Before reaching Mr. Williams's objections, the Court first agrees with the Magistrate Judge that Mr. Williams's vehicle did not have valid registration and that there was no confirmation that it had valid insurance. Without these items, no one could have lawfully driven the vehicle, and so in the abstract it was proper for the officers to conduct an inventory search prior to impounding it. However, Mr. Williams argues that in this specific case, Sergeant Cooper's improper motive of wanting to find incriminating evidence rendered the inventory search illegal.

Mr. Williams acknowledges that an expectation of finding evidence alone would not raise constitutional concerns, but that an improper motivation to conduct an investigatory search would render the resulting inventory search unconstitutional. Rather than deciding whether Sergeant Cooper was acting based

---

Williams's motion to suppress statements be granted in part. The Court has reviewed the Magistrate Judge's Report & Recommendations on these motions for clear error and finds none.

on an expectation of what he would find or an improper motivation to search,[2] the Court will assume that Sergeant Cooper was motivated by the improper purpose of finding incriminating evidence. But even with that assumption, the Court does not agree that the inventory search was unconstitutional.

Mr. Williams argues that the case law frames the issue of motive to conduct an inventory search in either/or terms. However, the Court agrees with the Magistrate Judge that an inventory search is illegal if it is *solely* based on an improper motive. (Doc. 66 at 15) (citing *Sammons v. Taylor*, 967 F.3d 1533, 1543 (11th Cir. 1992) (decision to impound is "in good faith, based upon standard criteria, and not solely based upon suspicion of evidence of criminal activity") and *United States v. Isaac*, 987 F.3d 980, 989 (11th Cir. 2021) (same)). In other words, an inventory search that is motivated by finding incriminating evidence is still legal if there is also another proper motive for the inventory search. *See United States v. Harvey*, No: 3:21-cr-00019-TCB-RGV, 2022 WL 16579328, at *7 (N.D. Ga. Oct. 7, 2022), *report and recommendation adopted*, No: 3:21-cr-00019-TCB-RGV, 2022 WL 16574806 (N.D. Ga. Nov. 1, 2022) (citing *United States v. Orozco*, 715 F.2d 158, 161

---

[2] The Court is not sure there is always a distinction between expectation and motive, particularly where there was no plan for the police to encounter Mr. Williams, as there was in the case Mr. Williams relies on to explain the distinction. (*See* Doc. 71 at 13) (quoting *Commonwealth v. Ortiz*, 39 N.E.3d 458, 461–62 (Mass. App. Ct. 2015)).

4

(5th Cir. 1983); *United States v. Daniels*, No. 1:13-cr-454-WSD, 2015 WL 533253, at *14 (N.D. Ga. Feb. 9, 2015)).

Turning to the evidence here, the Court finds that in addition to any improper search for evidence, the officers were also motivated by the fact that they needed to do an inventory search prior to impounding Mr. Williams's vehicle. Although Sergeant Cooper said that the officers needed to make sure there were no weapons in Mr. Williams's vehicle, Officer Taylor did not agree with Sergeant Cooper's assessment until he learned that there was no insurance on the vehicle and another officer pointed out that Officer Taylor had seen the unregistered vehicle on the road. And even though Sergeant Cooper said Mr. Williams was on federal probation, he prefaced that statement by saying "that [vehicle] is 85," meaning the vehicle needed to be impounded. (Doc. 32 at 50). As noted above, there was no need to wait for the insurance to come back because Mr. Williams's vehicle was subject to impoundment for never having been registered in Georgia.[3] (*Id.* at 52, 58; *see also* Doc. 34-4 (authorizing officers to impound a vehicle that is improperly registered in violation of OCGA 40-2-8)). Thus, the Court agrees with

---

[3] For this reason, the Court also agrees with the Magistrate Judge that "[i]mpound, and the accompanying inventory, was inevitable." (Doc. 66 at 17). To be clear, this finding is not related to the inevitable discovery doctrine (Doc. 71 at 12 n.9). Instead, the Court agrees that Officer Taylor could have decided to impound the unregistered vehicle as soon as he encountered Mr. Williams driving it, and the same evidence would have invariably been discovered.

the Magistrate Judge that because the officers, including Sergeant Cooper, had a valid motive to impound Mr. Williams's vehicle, their inventory search was constitutional.

### III. Conclusion

For the foregoing reasons, the Court **OVERRULES** Mr. Williams's objections (Doc. 71) and **ADOPTS** the Non-Final Report & Recommendation (Doc. 48) and the Final Report & Recommendation (Doc. 66) in its entirety as the Order of the Court. Mr. Williams's motion to dismiss indictment (Doc. 25) and motion to suppress evidence (Doc. 23) are **DENIED**. Mr. Williams's motion to suppress statements (Doc. 24) is **GRANTED IN PART** as to the statements he made while under arrest in the back of the police cruiser.

**SO ORDERED** this 10th day of November, 2025.

_____
Victoria Marie Calvert
United States District Judge